UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

SCOTT MICHAEL THOMPSON                    CRIMINAL ACTION NO. 06-60034
                                          CIVIL ACTION NO. 08-1723

VERSUS                                    JUDGE MELANCON

UNITED STATES OF AMERICA                  MAGISTRATE JUDGE HANNA

*REPORT AND RECOMMENDATION*

Before the court is pro se plaintiff Scott Michael Thompson's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

(Rec. Doc. 112).  The motion is opposed.

*Background and Argument*

Scott Michael Thompson pled guilty to Count Two of an Indictment for the

Western District of Louisiana and Count Two of the Indictment under Middle District of

Louisiana Criminal Docket Number 06-53-FTP, both charging him with Possessing and

Passing Counterfeit Obligations in violation of 18 U.S.C. § 472 and was sentenced on

November 15, 2006 for a total term 113 months per count, to run concurrently with state

sentences imposed.[1]  Thompson appealed to the Fifth Circuit, who affirmed his sentence.[2]

The Fifth Circuit stated in pertinent part as follows:

Because Thompson did not object to the district court's consideration of

---

[1]*Plea Agreement* (Rec. Doc. 43); *Minutes of Court* (Rec. Doc. 49).

[2]*Judgment* (Rec. Doc. 84).

impermissible factors, this argument is reviewed for plain error.  *See United States v. Jones*, 444 F.3d 430, 436 (5ᵗʰ Cir.), *cert. denied,* 126 S.Ct. 2958 (2006).  To the extent that the district court considered Thompson's arrest record in imposing the upward departure, the court plainly erred.  *See id.* However, Thompson does not show that the error affected his substantial rights because the district court relied on other permissible factors in upwardly departing, including prior convictions and the seriousness of Thompson's criminal history.  *See id.* at 438.  The record indicates that the district court would have imposed the same upward departure even if the impermissible factor had not been considered.[3]

In his motion, Thompson argues his counsel was ineffective for failing to object to the inclusion of two additional points to his criminal history category, for failing to object to the court's consideration of his prior arrests, and for failing to request a continuance so he could challenge the court's finding that his record showed a pattern of burglary, theft, and fraud offenses.

Thompson argues the two additional points for committing the offense within two years of having been released from imprisonment on a prior offense should not have been added to his criminal history.  Thompson argues he was not really imprisoned on a prior offense, but was imprisoned only because he voluntarily revoked his own supervised probation and was in jail "for a brief period of time, solely to afford Department of Corrections classification department the necessary time required to collect and compute his jail credits."[4]   Thompson argues his criminal history should have computed at 19 points, not 21 points.

_____

[3]*Id.*

[4]*Memorandum in Support of 28 U.S.C. § 2255* (Rec. Doc. 112-1), p. 8.

Thompson also argues that consideration of his prior arrests was plain error and that his criminal history does not show a pattern of burglary, theft and fraud.  Thompson notes a theft, unauthorized entry of an inhabited dwelling, and thefts from yachts at a marina where he was employed, but argues "[n]one of the rest of those convictions not receiving criminal history points was theft or fraud related and nearly all involved traffic violations and minor crimes."[5]  Petitioner attached to his motion a spreadsheet of his criminal violations, bolding those items he considered related to burglary, theft or fraud.[6]

***Applicable Law and Discussion***

***Scope of §2255 Relief***

The scope of relief afforded under §2255 is extremely narrow.  It is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992); United States v. Acklen, 47 F.3d 739, 741 (5th Cir.1995).  "We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless post-conviction collateral attacks."  United States v. Shaid, 937 F.2d 228, 231-232 (5th Cir.1991), *cert. denied*, 112 S.Ct. 978 (1992).

_____

[5]*Id.*, p. 10.

[6]*Memorandum in Support of 28 U.S.C. § 2255*  (Rec. Doc. 112-2).

Section 2255 provides four grounds for relief:

1.      that the sentence violates the Constitution or other federal law;
2.      that the court lacked jurisdiction;
3.      that the sentence exceeded the maximum allowed by law; or
4.      that the sentence is otherwise "subject to collateral attack."

Title 28 U.S.C. §2255.

Failure to raise a claim at trial or on appeal generally results in a waiver of the

claim.  U. S. v. Frady, 456 U.S. 152, 162-66 (1982).  A defendant must show "cause" for

his procedural default and "actual prejudice" resulting from the alleged error. Id. at 170-

171; Shaid, 937 F.2d at 232.  This "cause" and "prejudice" test must be satisfied even if

the defendant alleges fundamental constitutional error.  Murray v. Carrier, 477 U.S. 478,

493, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986).

There are three recognized exceptions to the cause and prejudice requirement:

1.      In "extraordinary cases" where a constitutional error has probably resulted
        in the conviction and incarceration of someone who is actually innocent
        (Carrier, 106 S.Ct. at 2649; Shaid, 937 F.2d at 232);

2.      when the government fails to object to the consideration of newly raised
        issues (U. S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 196); and

3.      for certain constitutional claims that may only be adequately addressed on
        collateral attack, such as ineffective assistance of trial counsel.  U. S. v.
        Riascos, 76 F.3d 93, 94-95 (5th Cir. 1996).

To prevail on an ineffective assistance of counsel claim, a petitioner must establish

two things: (1) his attorney's representation fell below an objective standard of

reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient

performance, the outcome of the proceedings would have been different.  Strickland v.

Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).  The burden is

on the petitioner to show that counsel's representation fell below an objective standard of

reasonableness.  Id. at 688.  The court's scrutiny shall be "highly deferential" and the court

must apply a "strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance."  Id. at 689-90.  See also Marler v. Blackburn, 777

F.2d 1007, 1010 (5th Cir. 1985).

     The Strickland court further outlined the extent of prejudice that must be

established by the defendant:

> [A]n error by counsel, even if professionally unreasonable, does not warrant
> setting aside the judgment of the criminal proceeding if the error had no
> effect on the judgment.  Cf. United States v. Morrison, 449 U.S. 361,
> 364-65 (1981).

Strickland, supra, at pages 691, 694-95; see also Taylor v. Maggio, 727 F.2d 241 (5th Cir.

1984); U.S. v. Diaz, 733 F. 2d 371 (5th Cir. 1984).

     A habeas court must be careful not to second-guess legitimate strategic choices

made by defense counsel which under the light of hindsight seem ill-advised and

unreasonable.  Sawyer v. Butler, 848 F. 2d 582, 587-88 (5th Cir. 1988).

*Discussion*

***Inclusion of two points for committing the offense within two years of having been released from imprisonment on a prior offense***

The issue of Thompson's sentence and the guidelines calculations and recommendations has been raised and rejected on direct appeal, as the Fifth Circuit found the district court relied on permissible factors in upwardly departing from the guidelines, including Thompson's prior convictions and the seriousness of his criminal history.

Even if Thompson's attorney would have made a particularized objection to inclusion of these two points in Thompson's criminal history, and such an objection would have been sustained, the exclusion of those two points would not have changed Thompson's criminal history category or the sentence imposed.  Thompson's criminal history category was assessed at a Level VI, which in the November 1, 2005 edition of the United States Sentencing Commission Guideline Manual required 13 or more points. Even if the two points were excluded from Thompson's 21 assessed points for criminal history, he would have had 19 points, i.e. more than the 13 points required for Level VI.

Therefore, in addition to finding this issue was raised and rejected on direct appeal, the undersigned finds Thompson has shown no prejudice from the lack of a particularized objection and Thompson's attorney was not ineffective for failing to raise this objection. This argument is without merit.

***Erroneous consideration of prior arrests***

The Fifth Circuit has also already considered on direct appeal the issue of whether

the trial court erroneously considered Thompson's prior arrests at sentencing.  The Fifth

Circuit found any such error did not affect Thompson's substantial rights, as the district

court had other permissible factors that justified the upward departure.  Claims brought

under §2255 may be dismissed if they were previously raised on direct appeal unless there

has been an intervening change in the law or newly discovered evidence.  U.S. v.

Santiago, 993 F.2d 504, 506 (5ᵗʰ Cir. 1993); Teague v. Lane, 489 U.S. 2388, 307, 319

(plurality opinion); Davis V. U.S., 417 U.S. 333, 342 (1974).   Thompson has cited the

court to no new evidence or new law that would allow this court to revisit this argument.

Moreover, Thompson can show no prejudice that resulted from his attorney's

failure to object to any consideration by the trial court of Thompson's arrests, as an

objection would not have changed his sentence given the other permissible factors

considered by the court.  Therefore, the undersigned finds this argument also is without

merit.

***Failure to ask for a continuance and to argue Thompson did not have a history of burglary, theft and fraud***

Finally, Thompson's argument that his attorney was ineffective for failing to ask

for a continuance and to mount an arguement that Thompson did not have a history of

burglary, theft and fraud offenses also fails.  A review of the spreadsheet attached by

Thompson to his motion shows multiple instances of burglary, theft, and fraud offenses,

which were also contained in the presentence investigation report.  The trial judge

reviewed the presentence investigation report containing these offenses and arrived at his

7

own conclusions regarding Thompson's patterns of behavior.  A request for a continuance

and an objection to the court's findings regarding Thompson's pattern of behavior  would

not have changed Thompson's sentence.  Thompson can show no prejudice from

counsel's failure to request a continuance and to challenge the court's findings regarding

his history of burglary, theft and fraud.  Therefore, the undersigned finds counsel was not

ineffective and this argument is also without merit.

### *Conclusion and Recommendation*

The undersigned finds Thompson's arguments are without merit and there is no

basis for a grant of habeas corpus relief.  Therefore,

**IT IS RECOMMENDED** that pro se plaintiff Scott Michael Thompson's Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal

Custody (Rec. Doc. 112) be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court. A  party

may respond to another party's objections within fourteen (14) days after being served

with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within**

**fourteen (14) days following the date of its service, or within the time frame**

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* **28 U.S.C. § 2253(c)(2)**. **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 20th day of September,  2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)